Crisafulli v Southbridge Towers, Inc. (2018 NY Slip Op 03896)





Crisafulli v Southbridge Towers, Inc.


2018 NY Slip Op 03896


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


6714 160450/16

[*1]Pauline Crisafulli, Plaintiff-Appellant,
v
Southbridge Towers, Inc., Defendant-Respondent.


O'Sullivan & Zacchea, PLLC, Kew Gardens (Kevin M. O'Sullivan of counsel), for appellant.
Fleischner Potash Cardali Chernow Coogler Greisman Stark Stewart LLP, New York (Evan A. Richman of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered May 9, 2017, which, insofar as appealed from, granted defendant's cross motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
On the record before us, all of plaintiff's causes of action depend on the validity of a participation agreement and a proprietary lease between the parties. The complaint alleges that the participation agreement was executed on February 6, 2015. In that contract, plaintiff agreed to exchange her occupancy agreement for a proprietary lease. However, in October 2014, the Civil Court of the City of New York had issued a judgment of possession in defendant's favor and had ordered a warrant to issue forthwith. The court issued a warrant for plaintiff's eviction at some point before January 21, 2015. "The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises" (RPAPL 749[3]). On or about November 9, 2016, defendant served plaintiff with a Notice of Eviction. Plaintiff then moved in the Housing Court to vacate the judgment against her, on the grounds, inter alia, that defendant had issued her a proprietary lease and stock certificate. Housing Court denied the motion to vacate, holding that the stock certificate and proprietary lease were invalid because they were issued in error. Plaintiff did not appeal from that determination. Consequently, plaintiff is collaterally estopped from relitigating the issue of the validity of the proprietary lease and stock certificate, and the motion court properly granted defendant's motion to dismiss the complaint.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK